UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN HARRIS, | ) | 3:08-CV-0145-ECR (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | July 31, 2008 |
| | ) | |
| GLEN WHORTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Several motions are pending before the court. The court will address each motion in turn.

**#5 Plaintiff's motion for appointment of counsel**

This is a civil rights action brought by *pro se* prisoner plaintiff Kevin Harris. Plaintiff has moved for appointment of counsel (#5) and defendants' opposed the motion (#9).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. The court exercises discretion in making this finding.

The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison. Moreover, none of the issues in this case appears to be particularly complex.

**IT IS THEREFORE ORDERED** that plaintiff's motion for appointment of counsel (#5) is **DENIED**.

### #8 Defendants' motion to submit the last known address of Dorothy Nash Holmes under seal and #10 Plaintiff's motion to compel address of defendant Dorothy Nash Holmes

The defendants' motion to submit the last known address of Dorothy Nash Holmes under seal (#8) is **GRANTED**. The last known address of Dorothy Nash Holmes shall be kept under seal by the court and shall not be provided to the plaintiff.

Plaintiff's motion to compel address of defendant Dorothy Nash Holmes (#10) is **DENIED as moot**.

### #11 Plaintiff's motion for service of summons and complaint

Plaintiff's motion for service of summons and complaint on defendant Dorothy Nash Holmes (#11) is **GRANTED**. The Clerk shall issue a summons for defendant **Dorothy Nash Holmes** and send the same to the U.S. Marshal with the address provided under seal. The Clerk shall send to plaintiff a USM-285 form, a copy of the complaint (#3), and a copy of this order for the defendant. Plaintiff shall have twenty (20) days within which to complete the USM-285 service form and return it along with the other documents to the U.S. Marshal for service.

**IT IS FURTHER ORDERED** that because plaintiff filed his motion to serve Dorothy Nash Holmes on May 27, 2008, well before the expiration of the 120 days provided for service under Rule 4(m), the court will *sua sponte* grant plaintiff one extension of time to complete service. Service of the summons and complaint on Dorothy Nash Holmes must be completed on or before **Friday, October 24, 2008**. No further extensions of time will be granted.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: /s/
Deputy Clerk